**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | |
|---|---|
| **BETTY S. COOPER,** § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 1:04-CV-0234-C |
| § | ECF |
| § | Referred to the U.S. Magistrate Judge |
| **JO ANNE B. BARNHART,** § | |
| **Commissioner of Social Security,** § | |
| § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION**

**THIS MATTER** is before the court upon Plaintiff's complaint filed October 20, 2004, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's applications for a period of disability and disability insurance benefits and for supplemental security income benefits under Title II and Title XVI of the Social Security Act. Plaintiff filed a brief in support of her complaint on January 20, 2006, and Defendant filed her brief on February 27, 2006. The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this matter to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment.  This court, having considered the pleadings, the briefs, and the administrative record, recommends that the United States District Judge affirm the Commissioner's decision and dismiss the complaint with prejudice.

### I. STATEMENT OF THE CASE

Plaintiff filed applications for a period of disability and disability insurance benefits on November 18, 2002, and for supplemental security income benefits protectively on October 29,

2002, alleging disability beginning July 18, 2001. Tr.15, 16, 57-59. Plaintiff's applications were denied initially and upon reconsideration. Tr. 15, 30-33, 36-40. Plaintiff filed a Request for Hearing by Administrative Law Judge on May 16, 2003, and this matter came for hearing before the Administrative Law Judge ("ALJ") on November 3, 2004. Tr. 15, 28-29, 145-69. Plaintiff, represented by a non-attorney, testified in her own behalf. Tr. 148-63. Michael Driscoll, a vocational expert ("VE"), appeared and testified as well. Tr. 164-68. The ALJ issued a decision unfavorable to Plaintiff on February 26, 2004. Tr. 12-21.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. Tr. 15. He found that Plaintiff met the disability insured status requirements through March 31, 2003. Tr. 16. He noted that for entitlement to Title II benefits, a claimant's disability must be shown to have begun on or prior to that date. *Id*. He found that Plaintiff had not engaged in substantial gainful activity at any time since July 18, 2001. Tr. 16, 20. He found that Plaintiff has "severe" impairments, including pain in her back, both knees, and right arm. Tr. 16. He further found that Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. Tr. 17. Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ found that Plaintiff could not return to her past relevant work. Tr. 19-21. He noted that Plaintiff was considered a "younger individual" with a high school education. Tr. 19; 20 C.F.R. §§ 416.963-.964.

The ALJ found that Plaintiff retained the RFC to perform, on a continuing and sustained basis, the requirements of sedentary work activity, limited to jobs that do not require more than occasional stooping, crouching, or climbing stairs and ramps; that do not require crawling, kneeling,

balancing, or climbing scaffolds, ladders, and ropes; that do not require sitting for more than 30 minutes at one time without the opportunity to stand; that allow a lunch and the normal legal breaks during the work day; that do not require walking more than 5 minutes at one time without the opportunity to sit; that do not require standing more than 15 minutes at one time without the opportunity to sit; that do not require working above shoulder level with the right upper extremity; that do not require more than occasional handling of objects with the dominant right upper extremity; and that do not require working at unguarded heights or near unguarded hazardous mechanical equipment. Tr. 18, 20. Having found that Plaintiff could not perform the full range of sedentary work, the ALJ turned to the testimony of the VE in determining whether Plaintiff was capable of making a vocational adjustment to other work despite her severe impairments. Tr. 19. The ALJ relied upon the testimony of the VE who indicated that a hypothetical person of Plaintiff's age, with Plaintiff's RFC and vocational history, could perform work which exists in the national economy, including the jobs of surveillance system monitor, with 2,800 jobs in Texas and 214,000 jobs nationally; telephone quotation clerk, with 4,000 jobs in Texas and 160,000 jobs nationally; and order clerk for food and beverages, with 4,300 jobs in Texas and 182,000 jobs nationally. Tr. 19, 21. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 20-21.

      Plaintiff submitted a Request for Review of Hearing Decision/Order on April 29, 2004. Tr. 9. The Appeals Council issued its opinion on June 4, 2004, indicating that although it had considered the contentions raised in Plaintiff's Request for Review and the additional evidence, it nevertheless concluded that there was no basis for changing the ALJ's decision and denied Plaintiff's request. Tr. 5-8. The ALJ's decision, therefore, became the final decision of the Commissioner.

On October 20, 2004, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II. STANDARD OF REVIEW

An individual may obtain a review of the final decision of the Commissioner by a United States District Court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002)(citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or supplemental security income, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271;

*Newton*, 209 F.3d at 453. In this case, the ALJ found at step 5 that Plaintiff was not disabled because she retained the ability to perform work in the national economy. Tr. 19, 21.

### III.   DISCUSSION

Plaintiff claims that the ALJ's is not supported by substantial evidence because the ALJ failed to correctly apply the laws and regulations applicable to treating doctor opinions and findings. Plaintiff argues that the ALJ failed to give appropriate weight to the opinion of Dr. Ferral L. Endsley, her treating physician, who twice opined that Plaintiff was permanently and totally disabled.

**A.   Whether the ALJ's determination of Plaintiff's RFC is supported by substantial evidence.**

The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

The Social Security Administration ("SSA") has a number of rules and regulations that apply to treating physicians and the weight given to their medical opinions. Plaintiff argues that the ALJ failed to give appropriate weight to the opinion of her treating physician, Dr. Endsley, insofar as he opined that she is disabled. Plaintiff further argues that in doing so, the ALJ failed to comply with the requirements of 29 C.F.R. §§ 404.1527(e)(2) and 416.927(e).

In his letter dated September 20, 2002, Dr. Endsley stated that Plaintiff was unable to sit more than 15 or 20 minutes at a time, could stand for about 10 to 15 minutes at a time, and was unable to work more than 5 minutes at a time. Tr. 134. In addition to noting these specific functional limitations imposed by Plaintiff's impairments, Dr. Endsley also opined that Plaintiff is "incapable of returning to any kind of gainful employment," and was "permanently and totally

disabled and should be granted disability." *Id*. In his letter dated May 2, 2003, Dr. Endsley indicated that Plaintiff has "difficulty with prolonged sitting, standing, or walking," and also has a lifting limitation. Tr. 130. Dr. Endsley similarly noted in his August 22, 2003, letter that Plaintiff has difficulty with prolonged sitting, standing, or walking, could stand for only short periods and walk for only short distances, and was limited in her ability to lift. Tr. 139. Plaintiff testified that she might be able to "sit a good 30 minutes." Tr. 163.

"The ALJ as factfinder has the sole responsibility for weighing the evidence and may chose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)(citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The opinion of a treating physician, however, who is familiar with the claimant's impairments, treatments, and responses should be accorded great weight in determining disability. A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). On the other hand, "[g]ood cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton*, 209 F.3d at 456. Moreover, a treating sources opinions may be assigned little or no weight when good cause is shown. *Greenspan v. Shalala,* 38 F.3d 232, 237 (5th Cir. 1994). With regard to treating physician opinions as to disability, the Fifth Circuit has provided that "[a]mong the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work.' These determinations are legal conclusions that the regulation describes as 'reserved to the Commissioner.'" *Frank v. Barnhart*, 326 F.3d 618, 620 (5th

Cir. 2003)(citing 20 C.F.R. § 404.1527(e)(1)).  The ALJ, ultimately, bears the responsibility of determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).

In making his RFC assessment, the ALJ found that Plaintiff was able to perform a limited range of work at the sedentary exertional level.[1] He incorporated additional specific limitations including numerous postural and environmental limitations (jobs that do not require more than occasional stooping, crouching, or climbing stairs and ramps; that do not require crawling, kneeling, balancing, or climbing scaffolds, ladders, and ropes; that do not require working above shoulder level with the right upper extremity; that do not require more than occasional handling of objects with the dominant right upper extremity; and that do not require working at unguarded heights or near unguarded hazardous mechanical equipment).  Tr. 18, 20.  The ALJ also specifically incorporated limitations on sitting for more than 30 minutes at one time without the opportunity to stand in addition to a lunch and the normal legal breaks during the work day; that do not require walking more than 5 minutes at one time without the opportunity to sit; and that do not require standing more than 15 minutes at one time without the opportunity to sit.  Plaintiff testified that he could probably sit "a good 30 minutes," and the other limitations incorporated by the ALJ were consistent with the specific functional limitations noted by Dr. Endsley. Tr. 134, 163. The regulations provide that the ALJ will consider opinions from medical sources on issues such as a claimant's RFC, but the final responsibility for deciding a claimant's RFC is reserved to the

---

[1]The regulations provide that:

Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 CFR § 404.1567(a).  As such, limiting Plaintiff to work at the sedentary exertional level clearly incorporated a lifting restriction.  *Id*.

Commissioner. 20 C.F.R. § 404.1527(e)(2); *see* 20 C.F.R. §§ 404.1545, 404.1546. The record demonstrates that the ALJ appropriately considered the evidence, including the opinions of Dr. Endsley as well as Plaintiff's testimony, in determining the limitations imposed by Plaintiff's impairments and in determining his RFC. The record further demonstrates that the limitations incorporated into the ALJ's RFC assessment are consistent with the medical opinions of Plaintiff's treating physicians.

In so far as Plaintiff argues that the ALJ failed to appropriately consider Dr. Endsley's opinion that she was "permanently and totally disabled" and unable to work, such nonmedical opinions from a treating source are entitled to no special significance. The ALJ "will not give any special significance to the source of an opinion on issues reserved to the Commissioner." 20 C.F.R. § 404.1527(e)(3). The legal determination of disability is, indeed, "'reserved to the Commissioner.'" *Frank*, 326 F.3d at 620 (5th Cir. 2003)(citing 20 C.F.R. § 404.1527(e)(1)).

The record in this case demonstrates that the ALJ properly exercised his responsibility as factfinder in weighing the evidence and in choosing to incorporate limitations into his RFC assessment that were most supported by the record. *Muse*, 925 F.2d at 790. The record further demonstrates that such limitations were appropriately incorporated into the hypothetical questions presented to the VE. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988). Having carefully considered the evidence in the record, including Dr. Endsley's opinions as to the limitations imposed by Plaintiff's impairment, the court finds that the ALJ did not err in evaluting the opinions of Plaintiff's treating physician and did not err in making his RFC assessment. The ALJ appropriately weighed the evidence in making his RFC determination, and his opinion is supported by substantial evidence in the record.

## IV. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court recommends that the United States District Judge affirm the Commissioner's decision and dismiss the Plaintiff's complaint with prejudice.

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1) and Rule 4 of Miscellaneous Order No. 6, For the Northern District of Texas, any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 11 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within 11 days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the United States Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

DATED this 1st day of August, 2006.

_____
**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**